OREGON NATURAL RESOURCES COUNCIL; Klamath Siskiyou Wildlands Center; Cascadia Wildlands Project; Siskiyou Regional Education Project; Headwaters; Friends of Living Oregon Waters, Plaintiffs—Appellees,

v.

David B. ALLEN, in his official capacity as Regional Director of U.S. Fish and Wildlife Service's Pacific Region; U.S. Fish & Wildlife Service, Defendants,

and

American Forest Resource Council, Defendant-intervenor— Appellant.

** This disposition is not appropriate for publication and may not be cited to or by the

Oregon Natural Resources Council; Klamath Siskiyou Wildlands Center; Cascadia Wildlands Project; Siskiyou Regional Education Project; Headwaters; Friends of Living Oregon Waters, Plaintiffs—Appellants,

v.

David B. Allen, in his official capacity as Regional Director of U.S. Fish and Wildlife Service's Pacific Region; U.S. Fish & Wildlife Service, Defendants— Appellees,

and

American Forest Resource Council, Defendant-intervenor.

No. 03–35899.
No. 04–35242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided March 9, 2005.

Kristen L. Boyles, Esq., Amy Williams–Derry, Esq., EarthJustice Legal Defense Fund, Seattle, WA, Stephanie M. Parent, Esq., Portland, OR, for Plaintiffs–Appellees.

Adam Issenberg, Esq., R. Justin Smith, Esq., U.S. Department of Justice, Washington, DC, Jeffrey K. Handy, Esq., Office of the U.S. Attorney, Mark O. Hatfield, Portland, OR, for Defendants–Appellees.

Julie A. Weis, Esq., Scott W. Horngren, Haglund Kirtley Kelley Horngren & Jones, LLP, Portland, OR, for Defendant-Intervenor–Appellant.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER, District Judge.*

### MEMORANDUM **

After briefing in this case was completed, but before oral argument, another panel of this Court issued an opinion in *Gifford Pinchot Task Force v. United States Fish & Wildlife Serv.*, 378 F.3d 1059 (9th Cir.2004). In *Gifford Pinchot*, as here, the Court was presented with challenges to biological opinions covering timber sales within the range of the northern spotted owl (spotted owl) and authorizing the incidental take of the spotted owl. *Id.* at 1062–63. Of relevance to the issues in this case, the Court held that: (1) it was permissible for the Fish and Wildlife Service (Service) to use a detailed habitat model as a proxy for estimating owl population in its jeopardy analysis, *id.* at 1066–67; (2) the Service could "permissibly rely, in part, on the projections and assumptions of the [Northwest Forest Plan (NFP)] in its jeopardy analysis," *id.* at 1068; (3) the Service's regulation defining "destruction or adverse modification" was invalid, *id.* at 1069–70; (4) the Service had "not shown that its erroneous regulatory definition of 'adverse modification' was harmless," *id.* at 1075; (5) the record lacked evidence that the use of a "landscape" scale in three programmatic biological opinions masked the aggregate effects of site-specific impacts, *id.;* and (6) the Service's "finding that loss of critical habitat was not an 'adverse modification' because of the existence of suitable external habitat [in NFP late successional reserves] [was] arbitrary and capricious and [ ] contrary to law," *id.* at 1076. American Forest Resource Council (AFRC) sought and was granted permission to intervene by the district court. *Id.* at 1065.

We vacate the judgment of the district court and remand for reconsideration in light of *Gifford Pinchot.* Specifically, the district court should address the effect of our ruling in *Gifford Pinchot* on the following issues:

1. Whether the Service applied an invalid definition of "adverse modification" in its biological opinion, and if so, whether the error was harmless.

2. Whether the Service improperly relied on the NFP and its late successional reserve network for purposes of the jeopardy and critical habitat analyses.

3. Whether the Service impermissibly failed to conduct site-specific analyses of timber sale impacts on particular spotted owl critical habitat units.

4. Whether the district court still approves of the incidental take statement issued by the Service.

5. Whether AFRC should be permitted to intervene.

VACATED and REMANDED for reconsideration.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.