**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1100
_____

FRANCIS J. GUGLIELMELLI
Appellant

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-13-cv-05764)
District Judge: Hon. Mitchell S. Goldberg
_____

Submitted Under Third Circuit LAR 34.1(a)
October 5, 2015
_____

Before: SHWARTZ, KRAUSE and GREENBERG, <u>Circuit Judges</u>.

(Filed: October 6, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Francis J. Guglielmelli appeals the District Court's order granting State Farm Insurance Company's ("State Farm") motion for summary judgment and denying his cross-motion for summary judgment. We will affirm.

I[1]

On March 11, 2006, Achmad Jayadi applied online for a car insurance policy ("the policy") with State Farm on behalf of himself and Guglielmelli, with whom he lived and shared a same-sex relationship. The policy covered a 2000 Dodge Neon first owned by Jayadi and then transferred to Guglielmelli, and a 2004 Suzuki jointly owned by Jayadi and Guglielmelli and which was later substituted with a 2007 Jeep Liberty that Guglielmelli owned. Jayadi requested bodily injury liability limits of $100,000/$300,000[2] and reduced uninsured and underinsured motorist limits of $15,000/$30,000 on each car.[3] The decision to reduce the limits for uninsured and underinsured motorist coverage resulted in lower premiums for Guglielmelli and Jayadi. Jayadi signed and returned to State Farm forms acknowledging his coverage selections, including his election of uninsured and underinsured motorist limits of $15,000/$30,000,

_____

[1] These facts are primarily taken from the parties' joint stipulation of facts.
[2] This denotes $100,000 of coverage per person and $300,000 of coverage per accident.
[3] Under Pennsylvania law, insurers are required to make available uninsured and underinsured motorist coverage with limits up to those provided under the policy for bodily injury coverage, but the customer may reduce the amounts or waive this coverage. 75 Pa. Cons. Stat. Ann. § 1731.

as well as rejecting stacking of the uninsured and underinsured coverage limits, which, when retained, allows customers to draw on the coverage for additional vehicles insured under their policy. Guglielmelli did not sign either form. State Farm issued the requested policy to Guglielmelli and Jayadi, listing Guglielmelli as the first named insured and Jayadi as the second named insured.

The policy was renewed nine times, and on each occasion State Farm sent notices to Guglielmelli and Jayadi informing them of their policy limits, including the $15,000/$30,000 underinsured motorist coverage. State Farm also sent Guglielmelli and Jayadi three amended declarations pages that also stated the underinsured motorist limits. Neither Jayadi nor Guglielmelli ever requested to increase the underinsured motorist limits of the policy.

Guglielmelli separately applied for commercial vehicle insurance from State Farm for a 2000 GMC Safari for his laundry delivery business. He selected bodily injury liability limits of $100,000/$300,000 and non-stacked uninsured and underinsured motorist limits of $100,000/$300,000. State Farm issued the policy to Guglielmelli and Jayadi with Guglielmelli listed as the first named insured.

While driving his Jeep Liberty, Guglielmelli was involved in an accident caused by the negligence of another driver, whose auto insurance policy provided bodily injury liability limits of $15,000/$30,000. With State Farm's consent, Guglielmelli settled his claim against the driver for the $15,000 available under her policy. Guglielmelli then

3

filed a claim with State Farm for the underinsured motorist benefits available under his State Farm policies. State Farm agreed to provide stacked coverage and paid him $30,000, which it claims is the maximum to which he is entitled.[4]

Guglielmelli filed an action in the District Court seeking to recover additional underinsured motorist benefits from State Farm, arguing that he was entitled to $200,000 in stacked coverage under the policy on the Neon and the Jeep Liberty, plus an additional $100,000 from the commercial policy on the GMC. State Farm and Guglielmelli filed cross-motions for summary judgment. The District Court concluded that Guglielmelli was bound by Jayadi's written election of reduced underinsured motorist benefit limits, limiting him to a maximum of $30,000, and was not entitled to additional benefits from the commercial policy.[5] As a result, the District Court granted State Farm's motion and denied Guglielmelli's cross-motion. Guglielmelli appeals.

---

[4] Under Pennsylvania law, stacked limits of uninsured and underinsured motorist coverage can only be rejected by written agreement of the first named insured on an auto insurance policy. 75 Pa. Cons. Stat. Ann. § 1738(e). Because Jayadi was not the first named insured when he signed the rejection of stacked limits of underinsured motorist coverage, the form was ineffective and thus the rejection was void.

[5] On appeal, Guglielmelli has abandoned the argument that he is entitled to coverage under the commercial policy.

II[6]

Section 1734 of Pennsylvania's Motor Vehicle Financial Responsibility Law states that "[a] named insured may request in writing the issuance of coverages under section 1731 (relating to availability, scope and amount of coverage) in amounts equal to or less than the limits of liability for bodily injury." 75 Pa. Cons. Stat. Ann. § 1734. While waiving such coverage altogether requires the permission of the "first named insured" to be valid, id. § 1731, reduction of coverage can be requested by any named insured. Leymeister v. State Farm Mut. Auto. Ins. Co., 100 F. Supp. 2d 269, 272-73 (M.D. Pa. 2000). Once properly elected, this reduction of coverage applies to all the named insureds on the policy, even if they are added after the election form is executed. See Nationwide Mut. Ins. Co. v. Buffetta, 230 F.3d 634 (3d Cir. 2000) (woman who took over sole ownership of car and insurance policy after divorce was bound by reduction in coverage executed by her ex-husband before their divorce); Hartford Ins. Co. of the Midwest v. Green, 309 F. Supp. 2d 681, 692-94 (E.D. Pa. 2004), rev'd on other grounds, 124 F. App'x 555 (3d Cir. 2005) (not precedential) (wife subject to the lower uninsured

---

[6] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over the appeal of the order granting State Farm summary judgment under 28 U.S.C. § 1292. We also have jurisdiction over the order denying Guglielmelli's motion because the order was coupled with the order granting State Farm summary judgment. See Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 557 n.1 (3d. Cir. 2008). We review the District Court's decision on summary judgment de novo. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). Summary judgment is appropriate where, drawing all reasonable inferences in favor of the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

and underinsured motorist benefits her ex-husband selected before she was a driver or named insured on the policy); Kimball v. Cigna Ins. Co., 660 A.2d 1386, 1388-89 (Pa. Super. 1995) (daughter bound by mother's prior reduction of benefits when the daughter and a new vehicle were added to the policy).

It is undisputed that Jayadi was a named insured under the policy in question and that he signed a form reducing the policy's underinsured motorist benefits. Guglielmelli claims that this case "presents a novel issue because of the nature of the relationship between" Guglielmelli and Jayadi, Appellant Br. at 11, and cites cases suggesting that they were not members of the same household under Pennsylvania law. The type of relationship between Guglielmelli and Jayadi is not relevant to the narrow issue before us, namely whether Guglielmelli is bound by Jayadi's written request for reduced underinsured motorist coverage. Guglielmelli offers no basis for his assertion that being resident relatives or members of the same household is necessary in order to be bound by the election of another named insured on the same car insurance policy.

While Guglielmelli argues that the above-cited caselaw exclusively involved parties who were legally considered family members "at the relevant time," Appellant's Reply Br. at 3, this common fact is insufficient to prove that being a member of the same household or family is necessary to their holdings. In fact, Nationwide and Hartford suggest that family or household status is irrelevant. Nationwide held that an election made by a husband during a marriage was still binding on his ex-wife after divorce, and

6

thereby separation of the households, had occurred. 230 F.3d at 634. In <u>Hartford</u>, the election of reduced benefits occurred before the couple was married, when the wife "was not a member of the household," and was still considered binding on her after their divorce. 309 F. Supp. 2d at 693.

Guglielmelli further argues that State Farm was required to solicit a new election of benefits when his Jeep Liberty was added to the policy and that his decision not to reduce the underinsured motorist benefits in the commercial insurance policy manifested his desire not to reduce the benefits available to him under the policy in question here. Appellant Br. at 16. The onus, however, is on the named insured to request changes to underinsured motorist benefits, even if a new vehicle or new named insured is added to the policy. <u>See</u> <u>Kimball</u>, 660 A.2d at 1388-89. Guglielmelli was the first named insured and received more than a dozen notices of the underinsured motorist limits. He and Jayadi continued to pay the reduced premiums resulting from their lower coverage level, and never requested a change in coverage. <u>See</u> <u>id.</u> (citing fact that plaintiff was a named insured when notice amending policy and listing policy limits was delivered to her household, that lower premiums were paid without question, and that she "could have increased coverage under her mother's policy . . . or secured her own separate policy . . . [but] took no action on either front"). Thus, the District Court correctly concluded that Guglielmelli is bound by both Jayadi's reduction of the underinsured motorist coverage and his own repeated decisions not to alter it.

7

## III

For the foregoing reasons, we will affirm the District Court's order granting summary judgment to State Farm and denying Guglielmelli's cross-motion for summary judgment.